# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR S. R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:22-cv-09093-HDV (E) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision denying disability benefits be reversed in part and that this case be remanded for further administrative proceedings. (ECF No. 27.) Specifically, the Report found that the Administrative Law Judge ("ALJ") erred in assessing whether Plaintiff's alleged carpal tunnel syndrome was severe, and that the error was not harmless. (*Id*. at 4, 7.) Defendant's Objections to the Report (ECF No. 28) do not warrant a change to the Magistrate Judge's findings or recommendations, for the following reasons.

Defendant objects that the error in assessing Plaintiff's alleged carpal tunnel syndrome as not severe was harmless. (ECF No. 28 at 4.) According to Defendant, "[b]ecause step two was decided in Plaintiff's favor, '[h]e could not possibly have been prejudiced.'" (*Id.* (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)). But this Objection ignores *Buck*'s recognition of the agency's mandate that, for the residual functional capacity assessment applicable at steps four and five, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Buck*, 869 F.3d at 1049 (quoting Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *5). "Even though a non-severe 'impairment[] standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.'" *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (alteration in original) (quoting SSR 96-8P, 1996 WL 374184, at *5). As discussed in the Report, the residual functional capacity assessment did not include any carpal tunnel syndrome-related limitations, even though several sources of evidence, including opinions from state agency review physicians, demonstrated limitations. (ECF No. 27 at 7.) And as the Report further discussed, the ALJ discounted the state agency review physicians' opinions by mischaracterizing the record. (*Id.* at 8.)

Defendant objects that the Report failed to explain how the ALJ's residual functional capacity assessment for a restricted range of light work, which alone is an extremely restrictive limitation, failed to accommodate Plaintiff's carpal tunnel syndrome. (ECF No. 28 at 5.) But as the Report correctly explained, the ALJ's findings did not reflect any accommodation for carpal tunnel syndrome. (ECF No. 27 at 7.) First, the ALJ's residual functional capacity assessment did not include any limitations related to carpal tunnel syndrome. (ECF No. 11-3 at 23.) Second, each of the three occupations that the ALJ found suitable for Plaintiff at step five

(*id.* at 29) required frequent use of the hands and wrists.  *See* Dictionary of Occupational Titles ("DOT") 295-367-026, 1991 WL 672594 (Storage facility rental clerk: frequent reaching and handling); DOT 209.687-026, 1991 WL 671813 (Mail clerk: frequent reaching, handling, and fingering); DOT 208.685-010, 1991 WL 671753 (Collator operator: frequent reaching, handling, and fingering).  Thus, as the Report reasonably concluded, the ALJ's apparent failure to account for competent evidence of the effects of carpal tunnel syndrome throughout the entirety of the five-step evaluation was not "inconsequential to the ultimate nondisability determination."  (ECF No. 27 at 6.)

In sum, Defendant's objections are overruled.  The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that (1) the decision of the Social Security Administration is reversed in part; and (2) the matter is remanded for further administrative action consistent with the Report and Recommendation.

DATED: 12/7/23

_____
HERNAN D. VERA
UNITED STATES DISTRICT JUDGE